# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>AMEX NOOTER, LLC, )<br>    Defendant. ) | CAUSE NO.: 2:15-CV-195-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion of Amex Nooter, LLC to Compel the Depositions of ArcelorMittal Indiana Harbor LLC's Employees Sam Bird and Steve Thompson [DE 59], filed on February 26, 2016. Plaintiff ArcelorMittal Indiana Harbor LLC ("ArcelorMittal") filed a response on March 11, 2016, and Defendant Amex Nooter, LLC ("Amex Nooter") filed a reply on March 18, 2016. The parties attempted to resolve the dispute as required by Federal Rule of Civil Procedure 37 and Northern District of Indiana Local Rule 37-1.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 30(a) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). The exceptions of Rule 30(a)(2) do not apply in this case.

Amex Nooter seeks the depositions of two employees of ArcelorMittal—Sam Bird and Steve Thompson. ArcelorMittal objects, arguing that neither individual possesses relevant information on

the basis that neither individual was present at the scene of the incident at or before the fire on April 3, 2013, nor were they involved in the investigation or repair work. ArcelorMittal also contends that the depositions are not proportional to the needs of the case.

Sam Bird is identified as the "buyer" on the purchase orders issued by ArcelorMittal to Amex Nooter for the supervision, labor, and materials to rebuild the H3 excess gas bleeder pilot burner cabinet on April 3, 2013, as well as on a number of post-occurrence purchase orders appended to ArcelorMittal USA LLC's January 9, 2014 demand letter to Amex Nooter. ArcelorMittal contends that Frank Peters, an individual Amex Nooter is deposing, ordered the work on which the purchase orders are based and can provide relevant information regarding the purchase orders. ArcelorMittal also suggests that Bird would have no relevant knowledge as to the actual work ordered or the work performed. However, Amex Nooter contends that Bird, as the "buyer," is expected to testify about his knowledge of the terms, conditions, negotiations, and/or application of AMUSA-100 or AMUSA-102 related to these purchase orders issued to Amex Nooter. Amex Nooter also contends that his deposition is relevant to the damages claimed by ArcelorMittal. Thus, Bird's knowledge is distinguished from that of Peters and is relevant and not duplicative.

Steve Thompson is identified as the "author" of the ArcelorMittal Contractor Safety, Health and Environment Handbook ("Safety Handbook"), which ArcelorMittal contends Amex Nooter "read, understood and accepted" under AMUSA-102, "Contractor Work Agreement." The "Contractor Work Agreement" is the document that ArcelorMittal asserts as the basis of its claim of breach of contract in the First Amended Complaint. ArcelorMittal has put the Safety Handbook at issue in this litigation. Thus, the knowledge of its author is relevant. In addition, the Safety Handbook is relevant to the affirmative defenses pled by Amex Nooter such as comparative fault,

failure to mitigate damages, and nonparty defense. ArcelorMittal contends that this knowledge is now irrelevant because one of Amex Nooter's employees testified under oath that he took actions in violation of Amex Nooter's safety policies and procedures and, thus, nothing about the Safety Handbook caused or contributed to the incident. Nevertheless, because ArcelorMittal has brought a breach of contract claim, Thompson's deposition is relevant.

ArcelorMittal also argues that the requested depositions are not proportional to the needs of the case, arguing that Amex Nooter has noticed the depositions of five other individuals associated with ArcelorMittal who should be able to provide relevant information. Thus, ArcelorMittal contends that the burden of the depositions outweighs the likely benefit. However, these are only two depositions, both of which are relevant. Given the limited scope of each deponent's knowledge, it is unlikely that they will be overly lengthy. The benefit to Amex Nooter, which is entitled to defend itself against the claims of ArcelorMittal, outweighs the burden, if any, on ArcelorMittal in producing Bird and Thompson for deposition. Amex Nooter has sufficiently demonstrated its need for these depositions in its defense.

Based on the foregoing, the Court hereby **GRANTS** the Motion of Amex Nooter, LLC to Compel the Depositions of ArcelorMittal Indiana Harbor LLC's Employees Sam Bird and Steve Thompson [DE 59] and **ORDERS** that ArcelorMittal produce Sam Bird and Steve Thompson for deposition.

So ORDERED this 24th day of March, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT