# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:15-CV-195-PRC |
| ) | |
| AMEX NOOTER, LLC, ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion of Amex Nooter, LLC to Compel ArcelorMittal Indiana Harbor LLC's Answer to Discovery [DE 71], filed by Defendant Amex Nooter, LLC ("Amex Nooter") on April 18, 2016. Plaintiff ArcelorMittal Indiana Harbor LLC ("Indiana Harbor") filed a response on May 2, 2016, and Amex Nooter filed a reply on May 9, 2016.

On February 12, 2016, Amex Nooter served its First Set of Interrogatories upon Indiana Harbor. Responses were due by March 14, 2016. On March 18, 2016, Amex Nooter demanded Indiana Harbor's compliance and received no response. On March 29, 2016, Amex Nooter again demanded responses. That day, counsel for Indiana Harbor responded that the responses would be provided the following week. On April 6, 2016, Amex Nooter again demanded Indiana Harbor's responses. On April 8, 2016, Indiana Harbor served its responses.

On Thursday, April 14, 2016, at 7:45 p.m., Amex Nooter sent counsel for Indiana Harbor an email with a letter identifying specific deficiencies in the responses. Amex Nooter set a deadline of April 18, 2016, for Indiana Harbor to correct the alleged deficiencies and also set a teleconference with counsel for Indiana Harbor for April 18, 2016, to discuss the deficiencies. On Friday, April 15, 2016, at 10:37 a.m., counsel for Indiana Harbor responded that counsel was busy early the following week with other cases and instead proposed a conference for April 22, 2016, to discuss the discovery

dispute. On April 18, 2016, Amex Nooter filed the instant motion. However, the following day, April 19, 2016, counsel for Amex Nooter sent an email accepting the proposal to meet and confer on April 22, 2016. A meet and confer was held that date, resolving several issues addressed in the instant motion.

> Federal Rule of Civil Procedure 37(a)(1) provides:
>
> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1). Moreover, Northern District of Indiana local Rule 37-1 provides:

> (a) Certification Required. A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action. The certification must include:
>   (1) the date, time, and place of any conference or attempted conference; and
>   (2) the names of the parties participating in the conference.
> (b) Failure to File Certification. The court may deny any motion described in subdivision (a)—except those motions brought by or against a person appearing pro se—if the required certification is not filed.

N.D. Ind. L.R. 37-1.

In this case, counsel for Amex Nooter proposed a conference date of April 18, 2016. Counsel for Indiana Harbor was not available that date and proposed April 22, 2016, as a new date. Counsel for Amex Nooter did not respond and instead filed the instant motion. Amex Nooter's actions do not comply with the requirements of the above-cited rules. In addition, Amex Nooter did not file a separate certification regarding the effort made to confer. Moreover, despite the filing of the motion, the parties subsequently held a meet and confer, resolving several issues and rendering portions of the instant motion moot.

Accordingly, the Court hereby **DENIES without prejudice** the Motion of Amex Nooter, LLC to Compel ArcelorMittal Indiana Harbor LLC's Answer to Discovery [DE 71].

SO ORDERED this 24th day of May, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT