# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>AMEX NOOTER, LLC, )<br>    Defendant. ) | CAUSE NO.: 2:15-CV-195-PRC |

## OPINION AND ORDER

This matter is before the Court on ArcelorMittal's Motion to Compel Production of Korrie Griffith's Drug Testing Records [DE 70], filed by Plaintiff ArcelorMittal Indiana Harbor LLC ("Indiana Harbor") on April 18, 2016. Defendant Amex Nooter, LLC ("Amex Nooter") filed a response on May 6, 2016, and Indiana Harbor filed a reply on May 9, 2016.

This litigation stems from an explosion and fire on April 3, 2013, at the Indiana Harbor facility. Korrie Griffith worked as a pipefitter for Amex Nooter. Prior to April 3, 2013, Mr. Griffith's supervisor put Amex Nooter management on notice of Mr. Griffith's dangerous behavior. Mr. Griffith was one of the Amex Nooter pipefitters working at the Indiana Harbor facility on April 3, 2013. Mr. Griffith has admitted to intentionally removing a valve from a live gas line when he knew that the line was live on April 3, 2013. This action has been described by several Amex Nooter witnesses as dangerous.

Based on these and other statements made during depositions, on December 9, 2015, Indiana Harbor served on Amex Nooter a second set of requests for production of documents, including Request No. 2: "Any and all results of any drugs test performed on Korrie Griffith as a result of the April 3, 2013, fire at ArcelorMittal's Indiana Harbor facility."

On January 8, 2016, Amex Nooter objected to the request, explaining that Amex Nooter "may not produce the results of any drug testing without ArcelorMittal's compliance with The Health Insurance Portability and Accountability Act of 1996, including but not limited to, 45 C.F.R. § 164.512(e)." Amex Nooter does not argue that the request is not relevant.

Under the Health Insurance Portability and Accountability Act (HIPAA), a covered entity may use or disclose the protected health information of an individual without the written authorization of the individual in certain situations covered in 45 C.F.R. § 164.512. *See* 45 C.F.R. § 164.512. Relevant to the instant dispute, the regulation provides:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>
>> (1) Permitted disclosures. A covered entity *may disclose protected health information* in the course of any *judicial* or administrative *proceeding*:
>>
>> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or
>>
>> (ii) *In response to a* subpoena, *discovery request*, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, *if*:
>>
>>> (A) *The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request*; or
>>>
>>> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.
>>
>> (iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information *if the covered entity receives from such party a written statement and accompanying documentation demonstrating that*:

> (A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individuals location is unknown, to mail a notice to the individual's last known address);
>
> (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
>
> (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
>
>> (1) No objections were filed; or
>>
>> (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

45 C.F.R. § 164.512(e)(1) (emphasis added); *see also Belinda K. V. Balovinos*, N0. C 10-02507, 2011 WL 335315, at *1 (N.D. Cal. Feb. 1, 2011)

In this case, Indiana Harbor's March 23, 2016 letter to Mr. Griffith complied with all three subparts of § 164.512(e)(1)(iii) as required by § 164.512(e)(1)(ii)(A). *See* (Def. Mot, Ex. J). First, on March 23, 2016, Indiana Harbor provided written notice to Mr. Griffith that Indiana Harbor was seeking his drug test records from Amex Nooter; Indiana Harbor received a green card with Mr. Griffith's signature confirming receipt of the letter. *See* § 164.512(e)(1)(iii)(A). Second, the notice sent by Indiana Harbor included sufficient information about this litigation to permit Mr. Griffith to raise an objection to this Court; the letter provided the case name, the cause number, and mentioned the underlying April 3, 2013 explosion as well as Mr. Griffith's deposition in this case. *See* § 164.512(e)(1)(iii)(B). Third, the letter informed Mr. Griffith that Indiana Harbor would be asking both the University of Chicago as well as Amex Nooter for the drug testing records "fifteen

3

days from the date of this letter." *See* § 164.512(e)(1)(iii)(B)-(C). More than fifty days have now passed with no objection or correspondence from Mr. Griffith.

Nevertheless, Indiana Harbor did not comply fully with § 164.512(e)(1)(iii) in its attempt to give satisfactory assurances to Amex Nooter that Indiana Harbor made reasonable efforts to ensure that Mr. Griffith was given notice of the request. Indiana Harbor partially complied with § 164.512(e)(1)(iii) by giving Amex Nooter a "written statement" of its reasonable efforts in the form of an April 8, 2016 email. *See* (Def. Ex. J). However, the regulation also requires that the written statement be "accompanied" by "documentation" demonstrating each of the elements listed in subsections (A) through (C). The email correspondence describes the March 23, 2016 letter to Mr. Griffith, but no copy of the March 23, 2016 letter was attached to the email. Nor does the March 23, 2016 letter contain any indication that a copy was sent to Amex Nooter at the time the letter was mailed to Mr. Griffith. Thus, it was reasonable for Amex Nooter to refuse to disclose the drug testing results in the absence of the documentation. On this basis, the Court denies the Motion to Compel.

In its response brief, Amex Nooter argues that Indiana Harbor's motion should also be denied because Indiana Harbor has not obtained Mr. Griffith's express consent and because Indiana Harbor has not submitted a proposed protective order for the Court to enter. However, neither express consent nor a protective order are required when there is compliance with § 164.512(e)(1)(ii)(A). *See* 45 C.F.R. § 164.512 ("A covered entity may use or disclose protected health information without the written authorization of the individual . . . or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section."); 45 C.F.R. § 164.512(e)(1)(ii).

Amex Nooter also references its internal Corporate Safety Manual, which provides, "Information regarding individual substance test results and rehabilitation records will be released only upon the written consent of the individual or as authorized by law." (Def. Resp., Ex. 3). However, if Indiana Harbor had complied with the requirements of § 164.512(e)(1)(ii)(A), the release of the records is "authorized by law." Regardless, the Corporate Safety Manual does not trump the federal regulations.

Despite Indiana Harbor's failure to give proper notice to Amex Nooter on April 8, 2016, the Court finds that, now that Amex Nooter has seen a copy of the March 23, 2016 correspondence through Exhibit H attached to the instant motion, Amex Nooter has received all of the necessary assurances required to provide the health record requested in Request No. 2. And, the Court is reassured that Mr. Griffith received the requisite notice. Subpart (e)(1)(i) allows Amex Nooter to disclose Mr. Griffith's protected health information without Mr. Griffith's express consent "[i]n response to an order of a court . . . provided that the covered entity discloses only the protected health information expressly authorized by such order." 45 C.F.R. § 164.512(e)(1)(i). Therefore, the Court orders Amex Nooter to serve Indiana Harbor with the documents responsive to Request No. 2.

Based on the foregoing, the Court hereby **DENIES** ArcelorMittal's Motion to Compel Production of Korrie Griffith's Drug Testing Records [DE 70] but **ORDERS** Amex Nooter to respond to Indiana Harbor's Request No. 2.

SO ORDERED this 27th day of May, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT
