UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-195-PRC |
| | ) | |
| AMEX NOOTER, LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the plaintiff must also plead the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). A corporation, however, is deemed to be a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Plaintiff Indiana Harbor invoked this Court's diversity jurisdiction by filing Indiana state law claims in federal court. As the party seeking

federal jurisdiction, Indiana Harbor has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

On June 21, 2016, the Court ordered Plaintiff ArcelorMittal Indiana Harbor LLC ("Indiana Harbor") to file a supplemental jurisdictional statement that identifies the citizenship of all the members of Indiana Harbor and of ArcelorMittal USA LLC and clarifies the citizenship of Defendant Amex Nooter, LLC.

Indiana Harbor filed the Supplemental Jurisdictional Statement on June 28, 2016, clarifying that Amex Nooter, LLC is a citizen of Missouri for purposes of diversity jurisdiction. As for Indiana Harbor and ArcelorMittal USA LLC, Indiana Harbor explained that Indiana Harbor is a limited liability company, whose sole member is ArcelorMittal USA LLC; ArcelorMittal USA LLC is a limited liability company whose sole member is ArcelorMittal USA Holdings II LLC; ArcelorMittal USA Holdings II LLC is a limited liability company whose sole member is ArcelorMittal Holdings LLC; ArcelorMittal Holdings LLC is a limited liability company whose sole member is ArcelorMittal USA Holdings LLC; and ArcelorMittal USA Holdings LLC is a limited liability company whose sole member is Ispat Inland S.A.R.L.

The jurisdictional statement then represents, without any citation to law, that Ispat Inland S.A.R.L. is a "limited liability company." A S.A.R.L. is a "société à responsabilité limitée," a corporate form available in many countries, including France, Luxembourg, and Switzerland. The jurisdictional statement does not indicate the country in which Ispat Inland S.A.R.L. was formed. The jurisdictional statement goes on to explain that Ispat Inland S.A.R.L. is wholly owned by ArcelorMittal S.A., a Luxembourg corporation with its principal place of business in Luxembourg.

The statement concludes that Indiana Harbor and ArcelorMittal USA LLC are citizens of Luxembourg for purposes of diversity jurisdiction.

However, there appears to be no controlling law that a S.A.R.L. should be considered a limited liability company as opposed to a corporation for purposes of diversity of citizenship. *See Burge v. Sunrise Medical (US) LLC*, No. 13-CV-2215, 2013 WL 6467994 (D. Colo. Dec. 9, 2013) (addressing a Luxembourg S.A.R.L.); *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) ("[N]o controlling precedent exists regarding how to determine the citizenship of a French S.A.R.L. for diversity-jurisdiction purposes."); *Indus. Fuel Co., Inc. v. Invista S.A.R.L., LLC*, Civil No. 5:06CV40-V, 2008 WL 619189, at *3 (W.D.N.C. Feb. 5, 2008) (questioning whether the defendant Luxembourg S.A.R.L. could be considered a limited liability company because it had shareholders and managers and did not have "members" as that term is used in LLC parlance but nevertheless finding that there was diversity of citizenship whether the S.A.R.L.'s citizenship was considered as a corporation or a limited liability company).

In this case, if Ispat Inland S.A.R.L. is treated as a limited liability company for purposes of determining citizenship in the context of diversity jurisdiction, it would be a citizen of Luxembourg because the sole member of the S.A.R.L. is ArcelorMittal S.A., a Luxembourg corporation with its principal place of business in Luxembourg. As a result, Plaintiff Indiana Harbor would be a citizen of Luxembourg, and there would be diversity of citizenship with Defendant Amex Nooter, a citizen of Missouri.

In contrast, there is insufficient information for the Court to determine the citizenship of Ispat Inland S.A.R.L. if treated as a corporation. Indiana Harbor has not identified either Ispat Inland S.A.R.L.'s country of incorporation (or formation) or its principal place of business.

Therefore, the Court **ORDERS** Plaintiff ArcelorMittal Indiana Harbor LLC to submit, on or before, **July 12, 2016**, a second supplemental jurisdictional statement and supporting brief providing:

(1) the country of incorporation (or formation) of Ispat Inland S.A.R.L.;

(2) the principal place of business of Ispat Inland S.A.R.L.; and

(3) a statement of law regarding the nature of the S.A.R.L. entity for purposes of determining its citizenship in the context of diversity jurisdiction under 28 U.S.C. § 1332 and a discussion of why Ispat Inland S.A.R.L. should be considered either a corporation or a limited liability company in this context.

SO ORDERED this 5th day of July, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
