# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>AMEX NOOTER, LLC, )<br>    Defendant. ) | CAUSE NO.: 2:15-CV-195-PRC |

## OPINION AND ORDER

This matter is before the Court on ArcelorMittal's Motion for Leave to File a Second Amended Complaint [DE 103], filed by Plaintiff ArcelorMittal Indiana Harbor LLC ("Indiana Harbor") on August 9, 2016. The motion is fully briefed.

On August 3, 2015, the Court entered a Scheduling Order, setting a deadline of November 30, 2015, to file a motion to amend pleadings and a discovery deadline of August 19, 2016. The jury trial is scheduled for May 15, 2017. The Court subsequently continued the deadline to amend pleadings to January 29, 2016, on a finding of good cause made by Amex Nooter.

On July 13, 2016, the Court ruled on Defendant Amex Nooter, LLC's ("Amex Nooter") Motion to Dismiss the First Amended Complaint, denying dismissal but ordering ArcelorMittal USA LLC to be added as a party plaintiff.

Thus, the instant motion seeks leave of Court to add ArcelorMittal USA LLC as a plaintiff in compliance with the Court's July 13, 2016 Order. However, the motion also seeks to add a count of willful and wanton conduct against Amex Nooter and to seek punitive damages against Amex Nooter.

Once a court has set a deadline for filing amended pleadings, a motion to amend filed after that deadline should be evaluated under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011) (citing *Trustmark v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)). Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that a court should not deny leave to file an amended complaint in the absence of any apparent or declared reasons, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

In its motion, Indiana Harbor fails to acknowledge either the January 29, 2016 deadline to file a motion to amend pleadings or the Rule 16(b)(4) good cause standard.

In support of the request to add a claim for willful and wonton conduct and punitive damages, Indiana Harbor explains that, during the course of discovery, it has learned of additional facts supporting a claim that Amex Nooter performed acts and/or omissions with reckless disregard of probable injury and that Amex Nooter knew of that probability but engaged in those acts and/or omissions anyway that allegedly support a claim for punitive damages.

However, the information was learned through the depositions of three fact witnesses—Korrie Griffith, Erik Olson, and Eric Frahm, who were deposed on December 22, 2015, November 5, 2015, and February 29, 2016, respectively. Indiana Harbor offers no explanation in its opening motion as to why it did not move to amend the complaint to add this claim after the first two depositions and prior to the January 29, 2016 deadline to amend pleadings, or, why, if it did not know of the claim until after taking the February 29, 2016 deposition, it did not timely file a motion at that time. Notably, Indiana Harbor does not contend in its motion that it did not know of the claim until the February 29, 2016 deposition. Even if it did, Indiana Harbor offers no explanation for the apparent almost six-month delay in bringing the motion, which was also brought ten days before the close of discovery. The Court finds that Indiana Harbor has not demonstrated that it was diligent in seeking this amendment. Arguments that should have been made in the opening brief but that are raised for the first time in the reply brief are untimely and not considered in the ruling. Thus, the Court finds that Indiana Harbor has not shown good cause and the motion is denied.

Nevertheless, the Court notes that, in its reply brief, Indiana Harbor asserts that it was diligent in seeking leave to add this count because the Court did not rule on Amex Nooter's December 21, 2015 Motion to Dismiss until July 13, 2016, and thus, "this was . . . the first opportunity" to seek leave to amend. Indiana Harbor cites no legal authority for this argument. The

pendency of a motion to dismiss does not preclude a plaintiff from seeking to amend the complaint and is not a basis for waiting to seek leave to amend. Plaintiffs frequently seek leave to amend while a motion to dismiss is pending and courts address both motions accordingly.

In addition, the Court denies the request to add the claim of willful and wanton conduct on the basis of undue delay and undue prejudice to Amex Nooter. As noted above, the pending motion to dismiss did not prevent Indiana Harbor from filing a motion to amend to add a newly discovered claim. Even if Indiana Harbor had a reasonable basis to believe that the motion to dismiss prevented it from filing a motion to amend, Indiana Harbor could have sought an extension of the deadline to amend pleadings as early as February 2016; it did not. Indiana Harbor unduly delayed in bringing this motion.

And, the undue delay results in undue prejudice to Amex Nooter. In an attempt to demonstrate its diligence under Rule 16(b) in its reply brief, Indiana Harbor details the extensive discovery that it has undertaken in support of this proposed new claim. Thus, while Indiana Harbor benefitted from knowing of its intent to bring the claim and conducted related discovery, Amex Nooter was without knowledge of the claim and, thus, could not avail itself of the opportunity to conduct discovery on the issue itself. Discovery has closed. The dispositive motion deadline is set for November 2, 2016, the final pretrial conference is set for April 14, 2017, and the jury trial is set for May 15, 2017.

Indiana Harbor's proposed Count II alleges that Amex Nooter's conduct in numerous separate respects was somehow intentional, reckless, and/or quasi criminal: its training and monitoring of employees, failure to enforce safety policies and procedures, failure to correct a

culture where employees disregarded instructions, failure to discipline and remove unsafe employees, failure to properly communicate with and monitor employees, failure to maintain the isolation on the subject valve, failure to properly lockout and tag out a natural gas line, failure to train particular employees in numerous respects, failure to establish particular safety programs, failure to establish appropriate hazard control procedures, failure to monitor and supervise pipefitters, failure to correct a pattern and practice of disregard of instructions by employees, failure to establish proper communication channels, failure to communicate "dangerous conditions," failure to follow disciplinary procedures, failure to follow its drug testing policy, failure to follow the advice of a supervisor, allowing an employee to work around natural gas despite "previous unsafe work," holding itself out as an experienced pipefitting company, and failure to avoid a risk of an explosion by "remedying [its] many failures." (Proposed Sec. Am. Compl. ¶¶ 91-111). Discovery would need to be reopened, and Amex Nooter, which did not have the benefit of knowing of this claim during the course of discovery, would likely incur significant additional cost in redeposing witnesses and conducting additional discovery. Thus, the motion is also denied under Rule 15(a).

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** ArcelorMittal's Motion for Leave to File a Second Amended Complaint [DE 103]. The Court grants leave to amend to add Plaintiff ArcelorMittal USA LLC but denies the request to add a claim of willful and wanton conduct and punitive damages. The Court **ORDERS** Plaintiff to **FILE** a Second Amended Complaint consistent with this Opinion and Order on or before **September 23, 2016**.

SO ORDERED this 15th day of September, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT