# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC and ARCELORMITTAL USA LLC, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:15-CV-195-PRC |
| AMEX NOOTER, LLC, Defendant. | ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on Amex Nooter, LLC's Motion for Summary Judgment on its First Affirmative Defense [DE 139] and a Petition for Oral Argument [DE 141], both filed by Defendant Amex Nooter, LLC ("Amex Nooter") on September 28, 2017. Plaintiffs ArcelorMittal Indiana Harbor LLC and ArcelorMittal USA LLC (collectively "ArcelorMittal") filed a response on October 26, 2017, and Amex Nooter filed a reply on November 9, 2017. The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

On April 3, 2013, a fire occurred at Blast Furnace No. 3, a part of ArcelorMittal's Indiana Harbor Facility, while employees of Amex Nooter were rebuilding the excess gas bleeder pilot burner cabinets pursuant to a contract with ArcelorMittal. In the Amended Complaint brought against Amex Nooter based on theories of negligence and breach of contract, ArcelorMittal seeks approximately $3.2 million in property damage and excess fuel costs as a result of the fire. In the instant motion, Amex Nooter seeks summary judgment in its favor on its First Affirmative Defense titled "ArcelorMittal's Spoliation of Evidence," which alleges:

> Following the April 3, 2013 incident, ArcelorMittal denied Amex Nooter access to the work site that evening and did not permit Amex Nooter access to the work site until approximately noon the following day, at which time any evidence and artifacts of the incident had been cleaned up and disposed. ArcelorMittal had a duty to maintain evidence and artifacts of the incident and failed to do so. ArcelorMittal's failure to maintain any evidence of the incident materially prejudiced Amex Nooter's ability to fully investigate the April 3, 2013 incident and the basis of ArcelorMittal's asserted claims. The cleanup and disposal of physical evidence and artifacts, substantially and materially, impaired and precluded Amex Nooter's ability to fully and completely defend against any claims and assertions made against it.

(ECF 117, p. 28). In the instant motion, Amex Nooter argues that it is unable to defend itself because ArcelorMittal intentionally discarded evidence in violation of its duty to preserve evidence and, therefore, ArcelorMittal's claims should be dismissed with prejudice. In addition to addressing the merits of Amex Nooter's spoliation argument, ArcelorMittal also asserts that the instant motion should be denied as procedurally improper because the relief sought should be pursued in the context of requesting sanctions.

Spoliation is not properly addressed as an affirmative defense but rather should be addressed as an evidentiary and/or discovery matter, such as through a motion for sanctions. Courts that have considered whether spoliation is an affirmative defense have consistently found that it is not. The Fourth Circuit Court of Appeals explained that, "while the spoliation of evidence may give rise to court imposed sanctions deriving from [the court's] inherent power, the acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001); *see also Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 155-56 (4th Cir. 1995) ("Even though application of the [spoliation] rule could prove to be critical to a party's recovery on a claim, it is not an affirmative defense, but a rule of evidence, to be administered at the discretion of the trial court. Consequently, a party need not indicate its intent to

2

invoke the spoliation rule in the pleadings."); *BCOWW Holdings, LLC v. Collins*, SA-17-CA-379, 2017 WL 4082686, at *4 (W.D. Tex. Sept. 15, 2017) (citing *Vodusek*, 71 F.3d at 155-56); *Travelers Prop. Cas. Co. of Am. v. All Seasons Roofing Inc.*, No. 4:15-CV-412, 2016 WL 8730570, at *1 (E.D. Ark. Sept. 9, 2016) (holding that spoliation is not an affirmative defense but rather an evidentiary doctrine that can be used as a "spear" by seeking the sanction of dismissal (citing *Sherman v. Richem Co. Inc.*, 687 F.3d 996, 1006 (8th Cir. 2012)); *Bonilla v. Rexon Indus. Corp.*, 1:13-CV-1830, 2015 WL 10792026, at *10-11 (S.D. Ind. Aug. 19, 2015) (recognizing that, although spoliation is not an independent tort in Indiana, Indiana law allows courts to fashion remedies for spoliation, including the establishment of a factual inference that the spoliated evidence would be unfavorable to the party responsible, but not treating spoliation as an affirmative defense); *Griffin v. Acadia Healthcare Co., Inc.*, 1:14-CV-1573, 2015 WL 11367927, at *3 (N.D. Ga. Apr. 28, 2015) (finding, on a motion to add spoliation as an affirmative defense, no support in Georgia law that spoliation is an affirmative defense and noting that the several courts that have addressed the issue have held that spoliation is not an affirmative defense (citing *Vodusek*, 71 F.3d at 155-56; *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222, 2009 WL 4679477, at *3 (N.D. Ill. Dec. 1, 2009) (quoting *Silvestri*, 271 F.3d at 590); *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005))); *Ross v. Kopocs*, No. 1:14-CV-60, 2015 WL 926580, at *3 (E.D. Tenn. Mar. 4, 2015) (holding that spoliation is not an affirmative defense but rather a rule of evidence (citing *Vodusek*, 71 F.3d at 155-56; *ABC Bus. Forms, Inc.*, 2009 WL 4679477, at *3; *Silvestri*, 271 F.3d at 590; *Forest Labs, Inc. v. Caraco Pharm. Labs, Ltd.*, No. 06-CV-13143, 2009 WL 998402, at *1 (E.D. Mich. Apr. 14, 2009) (quoting *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004)); *Tenet Healthsystem Desert, Inc. v. Fortis Ins. Co., Inc.*, 520 F. Supp. 2d 1184, 1198 (C.D. Cal. 2007); *Donohoe v. Am.*

*Isuzu Motors, Inc.*, 155 F.R.D. 515, 520 (M.D. Pa. 1994))); *Allstate Ins. Co. v. Long Island Power Auth.*, No. 14-CV-444, 2015 WL 867064, at *3 (E.D.N.Y. Feb. 27, 2015) (quoting *Sparta Ins. Co. v. Colareta*, No. 13-CV-60579, 2013 WL 5588140, at *6 (S.D. Fla. Oct. 10, 2013) (citing *Donohoe*, 155 F.R.D. at 520)); *Sparta Ins. Co.*, 2013 WL 5588140, at *6; *Holley v. Evangelical Lutheran Good Samaritan Soc'y*, CIV 12-0320, 2012 WL 12903865, at *2-3 (D.N.M. Sept. 14, 2012) (declining to find spoliation to be an affirmative defense under New Mexico law); *ABC Bus. Forms, Inc.*, 2009 WL 4679477, at *3 (quoting *Silvestri*, 271 F.3d at 590); *Berger v. Cleveland Clinic Found.*, No. 1:05cv1508, 2007 WL 2902907, at *12 (N.D. Ohio Sept. 29, 2007) ("[S]poliation of evidence is not an affirmative defense . . . ."); *Tenet Healthsystem Desert, Inc.*, 520 F. Supp. 2d at 1198 (recognizing that, under California law, spoliation by a party to an action is not a separate tort or claim and the parties are limited to evidentiary and discovery remedies (citing *Cedars-Sinai Med. Ctr. v. Super. Ct.*, 954 P.2d 511 (1998); *Hodge*, 360 F.3d at 449-50).

Some decisions have denied a motion to strike an affirmative defense or granted a motion to amend an answer involving spoliation labeled as an affirmative defense but have done so without directly addressing whether spoliation is in fact an affirmative defense. *See, e.g.*, *Garrison v. Foster Poultry Farms Inc.*, CV-16-280, 2016 WL 3753529, at *1 (D. Ar. July 14, 2016) (motion to strike); *Foster v. Bridgestone Ams., Inc.*, Civ. Action No. 11-175, 2012 WL 266479, at *2 (S.D. Ala. Jan. 30, 2012) (motion to amend answer); *QBE Ins. Corp. v. Jorda Enters., Inc.*, 277 F.R.D. 676, 696 (S.D. Fla. 2012) (finding 30(b)(6) deposition testimony relevant to the "affirmative defense advocating a spoliation theory"); *Schmidt v. Pentair, Inc.*, No. C08-4589, 2010 WL 4607412, at *1 (N.D. Cal. Nov. 4, 2010) (motion to strike). And, in some jurisdictions, courts have ruled on a plaintiff's motion for summary judgment on a defendant's affirmative defense of spoliation, again

4

without directly considering whether spoliation is an affirmative defense but rather by discussing spoliation in the context of sanctions and/or adverse inferences. *See, e.g.*, *Constr. Sys., Inc. v. Gen. Cas. Co. of Wis.*, Civ. No. 09-3697, 2011 WL 3625066, at *15 (D. Minn. Aug. 17, 2011) (citing *Hoffman v. Ford Motor Co.*, 587 N.W.2d 66, 71 (Minn. Ct. App. 1998) (noting a court may impose sanctions for spoliation based upon the prejudice caused to the opposing party)); *Morris v. Mitsubishi Motors N. Am., Inc.*, 782 F. Supp. 2d 1149, 1162 (E.D. Wash. 2011); *Longview Fibre Co. v. CSX Transp., Inc.*, 526 F. Supp. 2d 332, 340 (N.D.N.Y. 2007).

In the instant diversity action, the legal and factual sufficiency of an affirmative defense is examined with reference to Indiana state law. *See Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991). There does not appear to be any published decision from an Indiana state court addressing whether spoliation can be pleaded as an affirmative defense. However, the Indiana Supreme Court decision in *Gribben v. Wal-Mart Stores, Inc.*, 824 N.E.2d 349 (Ind. 2005), is instructive. In *Gribben*, the Indiana Supreme Court considered the question, certified from the United States District Court for the Southern District of Indiana, of whether "Indiana law recognizes a claim for 'first-party' spoliation of evidence; that is, if an alleged tortfeasor negligently or intentionally destroys or discards evidence that is relevant to a tort action, does the plaintiff in the tort action have an additional cognizable claim against the tortfeasor for spoliation of evidence?" 824 N.E.2d at 350. The Indiana Supreme Court answered the question in the negative. *Id*. at 355.

In holding that there is no "first party" liability for spoliation, the court noted that "important sanctions" already exist under Indiana law that provide both a remedy to persons aggrieved as well as deterrence. *Id*. at 351. The court explained, "It is well-established in Indiana law that intentional first-party spoliation of evidence may be used to establish an inference that the spoliated evidence

5

was unfavorable to the party responsible." *Id*. (citing *Cahoon v. Cummings*, 734 N.E.2d 535, 545 (Ind. 2000); *Underwood v. Gale Tschuor Co., Inc*., 799 N.E.2d 1122, 1134 (Ind. Ct. App. 2003); *Porter v. Irvin's Interstate Brick & Block Co., Inc.*, 691 N.E.2d 1363, 1364 (Ind. Ct. App.1998); Doug Cressler, Spoliation of Evidence, 36 Res Gestae 510 (1993)). The court also recognized the discovery sanctions available under Indiana Trial Rule 37, including dismissal of an action or default judgment. The court reasoned, "Notwithstanding the important considerations favoring the recognition of an independent tort of spoliation by parties to litigation, we are persuaded that these are minimized by existing remedies and outweighed by the attendant disadvantages." *Id.* at 355 (relying, in part, on the reasoning of the California Supreme Court in *Cedars-Sinai Med. Ctr.*, 954 P.2d at 515).

In this case, although Amex Nooter is not asserting a claim (or rather a counterclaim) of spoliation, Amex Nooter's invocation of spoliation falls within the category of "first party" spoliation because ArcelorMittal is a party to this litigation; "third party" spoliation refers to "spoliation by a non-party." *Gribben*, 824 N.E.2d at 350; *see also Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 188 (2011). And, even though Amex Nooter is in the role of a tortfeasor attempting to use spoliation as a sword through an affirmative defense rather than a plaintiff attempting to use spoliation as a claim against the tortfeasor like in *Gribben*, the reasoning in *Gribben* applies with equal force in that existing remedies through the use of sanctions, ranging from limiting instructions to dismissal, are sufficient to address the harm of spoliation by a plaintiff. Like Indiana Trial Rule 37, Federal Rule of Civil Procedure 37 makes available various sanctions as does the Court's inherent authority.

The only case cited by Amex Nooter to support its assertion that spoliation is an affirmative defense is *Wilson v. Tariq*, 2:15-CV-321, 2016 WL 5956410 (N.D. Ind. Oct. 13, 2016), which denied a Rule 12(f) motion to strike a spoliation affirmative defense. However, the court in *Wilson* was faced with a motion to strike in the early stages of the proceedings, not a motion for summary judgment. And, citing *Gribben*, the court in *Wilson* discussed spoliation in terms of it being "well-established in Indiana law that intentional first-party spoliation of evidence may be used to establish an inference that the spoliated evidence was unfavorable to the party responsible." *Id*. at *4. That the affirmative defense was not stricken under those circumstances in *Wilson* does not change this Court's analysis on the instant motion.

In the substantive portion of its brief addressing the merits of the spoliation argument, Amex Nooter cites two Indiana state law cases in which the issue of spoliation was raised in litigation with ArcelorMittal. In both instances, spoliation was addressed in the context of a motion for sanctions and a motion to preserve evidence and not as an affirmative defense. *See WESCO Distrib., Inc. v. ArcelorMittal Indiana Harbor LLC*, 23 N.E.2d 682, 701-06 (Ind. Ct. App. 2014) (considering the plaintiff's motion for sanctions brought under Indiana Trial Rule 37, including a request for the sanction of dismissal, and affirming both the trial court's decision declining to impose a discovery sanction upon a finding of no intentional conduct by ArcelorMittal that amounted to spoliation and the trial court's decision not to give an adverse inference instruction); *Haraburda v. ArcelorMittal*, No. 2:11-CV-93, 2011 WL 2600756 (N.D. Ind. June 28, 2011).

Accordingly, the Court denies the instant motion solely on the basis that Amex Nooter has filed a motion for summary judgment on an affirmative defense of spoliation rather than seeking sanctions for the alleged spoliation. In the instant motion, Amex Nooter explicitly states that it is

7

not "seeking a discovery sanction in this Motion" and "reserves the right to seek appropriate sanctions, adverse jury instruction(s), or otherwise move *in limine*." (ECF 140, p. 13, p. 13 n.12). In light of Amex Nooter's representation and to afford Amex Nooter the opportunity to make all arguments related to a request for sanctions based on spoliation in one motion, the Court declines to address the merits of the spoliation argument set out in the instant briefs and instead grants Amex Nooter leave to file an appropriate motion, if so desired.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Amex Nooter, LLC's Motion for Summary Judgment on its First Affirmative Defense [DE 139], and **DENIES** the Petition for Oral Argument [DE 141].

SO ORDERED this 20th day of December, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT