# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ARCELORMITTAL INDIANA HARBOR LLC, and ARCELORMITTAL USA LLC, <br>     Plaintiffs, <br><br> v. <br><br> AMEX NOOTER, LLC, <br>     Defendant | CAUSE NO. 2:15-CV-195-PRC |

## OPINION AND ORDER

These matters are before the Court on 13 Motions in Limine filed by Plaintiffs ArcelorMittal Indiana Harbor LLC and ArcelorMittal USA LLC (hereinafter collectively "ArcelorMittal") on January 3, 2018, filed at DE 177, 179, 180, 181, 185, 187, 190, 196, 197, 198, 206, 207, and 208 and 14 Motions in Limine filed by Defendant Amex Nooter, LLC on January 3, 2018, filed at DE 188, 189, 191, 192, 193, 194, 195, 199, 200, 201, 202, 203, 204, and 205.

The Court also considered the separate responses to each Motion in Limine. No Replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review by the trial court. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance, and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400). Often, the "better practice is to deal with questions of admissibility of evidence as they arise, presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial." *United States v. Phillips*, No. 1:12-CR-872, 2014 U.S. Dist. LEXIS 79916* 5-6 (N.D. Ill. June 12, 2014).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

# PLAINTIFFS' MOTIONS IN LIMINE

1. Plaintiffs' Motion in Limine 1 - DE 177

Reference to the AMUSA-100 terms and conditions.

**GRANTED.** But the Court will allow Amex Nooter, if it wishes, to make an offer to prove at trial, outside the presence of the Jury. The Court reserves the right to reverse this in limine ruling following the offer to prove.

2. Plaintiffs' Motion in Limine 2 - DE 179

Reference to spoliation of evidence.

**DENIED**. At trial Amex Nooter will be permitted to present evidence and argument that ArcelorMittal committed spoliation of evidence. *See* the January 23, 2018 Opinion and Order DE 247.

3. Plaintiffs' Motion in Limine 3 - DE 180

Reference to ArcelorMittal's alleged failure to correct hazards with the natural gas system at Blast Furnace No. 3

**DENIED.**

4. Plaintiffs' Motion in Limine 4 – DE 181

Reference to ArcelorMittal's alleged failure to properly perform lock out / tag out or ensure that it was performed.

**DENIED.**

5. Plaintiffs' Motion in Limine 5 – DE 185

Reference to ArcelorMittal's alleged inaccuracies in its energy control procedure creating a hazard.

**DENIED.**

6. Plaintiffs' Motion in Limine 6 – 187

Reference to the salamander heater as a hazard ArcelorMittal was allegedly responsible for eliminating.

**DENIED.**

7.      Plaintiffs' Motion in Limine 7 – DE 190

Reference that ArcelorMittal allegedly created a hazard by keeping valves open outside the igniter cabinet.

**DENIED.**

8.      Plaintiffs' Motion in Limine 8 – DE 196

Reference that Amex Nooter was allegedly confused about the amount of pressure in the gas lines.

**DENIED.**

9.      Plaintiffs' Motion in Limine 9 – DE 197

Evidence that Frank Peters allegedly smelled gas weeks before the fire.

**DENIED.**

10.     Plaintiffs' Motion in Limine 10 – DE 198

Evidence that alleged subsequent remedial measures were made by ArcelorMittal.

**GRANTED.** At trial Amex Nooter shall not present evidence or argument that ArcelorMittal took subsequent remedial measures. Fed. R. Evid. 407. Amex Nooter will be permitted to present evidence and argument that the presence of a double block and bleed system on the excess gas bleeder pilot igniter system at Blast Furnace 3 would have been more safe or prudent, but Amex Nooter may not present evidence or argument that ArcelorMittal subsequently installed a double block and bleed system at that place.

11.     Plaintiffs' Motion in Limine 11 – DE 206

Reference that ArcelorMittal's failure to install a double block and bleed system on the excess gas bleeder pilot igniter system at Blast Furnace 3 allegedly contributed to the cuase of the fire.

**DENIED.**

12.     Plaintiffs' Motion in Limine 12 – DE 207

Reference that the age or condition of the gas system at Blast Furnace No. 3 or its equipment allegedly contributed to the cause of the fire.

**DENIED.**

13. Plaintiffs' Motion in Limine 13 – DE 208

Reference that ArcelorMittal's repairs subsequent to the fire were allegedly unnecessary and/or unrelated to the fire.

**DENIED.**

## DEFENDANT'S MOTIONS IN LIMINE

1. Defendant's Motion in Limine 1 – DE 188

Reference to damages from Amex Nooter's alleged failure to defend ArcelorMittal in the Robert Swimline claim.

**GRANTED.** At trial ArcelorMittal shall not refer to any damages that may have resulted, or will result, from Amex Nooter's alleged failure to defend ArcelorMittal in the Robert Swimline claim.

Note: At this point in time the Court has not yet ruled on ArcelorMittal's Motion to Dismiss Count II of the Second Amended Complaint DE 228 nor is the Motion fully briefed.

2. Defendant's Motion in Limine 2 – 189

Reference that the valve depicted in Korrie Griffith deposition exhibit 7 is the same valve involved in the incident.

**DENIED.**

3. Defendant's Motion in Limine 3 – DE 191

Reference that Amex Nooter employees allegedly stole tools or other items from ArcelorMittal.

**DENIED.**

4. Defendant's Motion in Limine 4 – DE 192

Reference to an IOSHA investigation, findings, review, etc.

**DENIED.**

5. Defendant's Motion in Limine 5 – DE 193

Reference to Amex Nooter's employee drug policy and procedures.

**DENIED.** Context of the evidence at trial is needed.

6. Defendant's Motion in Limine 6 – DE 194

Reference to Korrie Griffith's alleged history of drug use and Eric Frahm's statement about the inability of Korrie Griffith to pass a drug test at the time of the incident.

**DENIED.** Context of the evidence is needed.

7. Defendant's Motion in Limine 7 – DE 195

Exclusion of testimony from Erin Frahm about post-fire statements made by Korrie Griffith.

**DENIED.**

8. Defendant's Motion in Limine 8 – DE 199

Reference to Amex Nooter allegedly committing violation of OSHA and IOSHA regulations.

**DENIED.**

9. Defendant's Motion in Limine 9 – DE 200

Exclusion of witnesses from the courtroom during the trial except when testifying.

**DENIED.** This request is not properly brought in a Motion in Limine. If any party in this case moves for a separation of witnesses, either orally or in writing, either before or during the trial, the motion will be granted.

10. Defendant's Motion in Limine 10 – DE 201

Reference to insurance coverage for Amex Nooter.

**DENIED.**

11. Defendant's Motion in Limine 11 – DE 202

Reference to other incidents involving allegedly unsafe workplace practices by Amex Nooter.

**DENIED.**

12. Defendant's Motion in Limine 12 – DE 203

Request for exclusion of an exemplar valve and attached piping which ArcelorMittal may seek to use at trial.

**DENIED.** However, if ArcelorMittal wishes to use the exemplar at trial, it must preliminarily establish by evidence that it is sufficiently similar to the valve and piping involved in the incident to be helpful to the Jury. The exemplar may be used only to provide a general understanding of its operation. ArcelorMittal shall make clear to the Jury that the exemplar is not the same valve and piping involved in the incident. Amex Nooter may choose, if it wishes, to similarly use its own separate exemplar at trial.

13. Defendant's Motion in Limine 13 – DE 204

Exclusion of expert opinions by persons who have not been timely disclosed to be expert witnesses.

**GRANTED.**

14. Defendant's Motion in Limine 14 – DE 205

Exclusion of testimony of any witnesses who have not been timely disclosed to be witnesses.

**GRANTED.**

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Motions at DE 177, 188, 198, 204, and 205 and the Court **DENIES** the Motions at DE 179, 180, 181, 185, 187, 189, 190, 191, 192, 193, 194, 195, 196, 197, 199, 200, 201, 202, 203, 206, 207, and 208.

So ORDERED this 24th day of January, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT